IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DINAH LEE** | § | **PLAINTIFF** |
| | § | |
| | § | **Cause No. 1:02CV431** |
| **v.** | § | |
| | § | |
| **MISSISSIPPI GAMING** | § | |
| **COMMISSION, ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion of Defendants Larry Gregory and Sonny Weathersby for Summary Judgement [47], filed October 16, 2006. The Plaintiff has filed a response. By previous court order, Plaintiff's claims against the Mississippi Gaming Commission, Larry Gregory and Sonny Weathersby, in their official capacities, were dismissed because of Eleventh Amendment immunity. Remaining, therefore, are Plaintiff's due process and racial discrimination claims against Larry Gregory and Sonny Weathersby in their individual capacities. After due consideration of the Motion, response, pleadings on file and the relevant law, it is the opinion of the Court that the Motion is well taken and should be granted.

DISCUSSION

Dinah Lee was a charitable bingo supervisor employed by the Ex-POW's - Magnolia Chapter, which operated a bingo establishment in Moss Point, Mississippi. Bingo games conducted by charitable organizations are regulated by the Mississippi Gaming Commission ("Commission") under MISS. CODE ANN. § 97-33- 51, *et seq*. The Ex-POW's - Magnolia Chapter was licensed to conduct bingo games in Moss Point, Mississippi by the Mississippi Gaming Commission (the "Commission"). The Commission conducted an audit of the Ex-

POW's -Magnolia Chapter bingo operations and found violations of MISS. CODE ANN. § 97-33-69(2), which strictly forbids compensation of any kind other that payment of up to $400 per bingo session per worker.[1]  Plaintiff had she received a monetary Christmas bonus from the Ex-POW organization and was therefore labeled "unsuitable" for a supervisor position by the Commission.  Defendants Gregory and Weathersby are the Commission's Executive Director and Branch Director of the Charitable Bingo Division, respectively.  Lee alleges that the Commission's action violated the due process clause of the Fourteenth Amendment to the United States Constitution and Mississippi law because she did not receive notice and a hearing.  Furthermore, Lee alleges racial discrimination because unspecified other supervisors, not of African-American descent, have received compensation but have had no action taken against them by the Commission.  Plaintiff alleges that the Defendants have singled her out for punishment because of her race and infringed her right to make and enforce contracts as a charitable bingo supervisor in Mississippi, in violation of 42 U.S.C. §§ 1981 and 1983.

---

[1] Mississippi Code section 97-33-69(2) states:

> Except as otherwise provided in subsection (3) of this section and as may be otherwise provided pursuant to subsection (10) of this section, no commission, salary, compensation, reward or recompense, including but not limited to granting or use of bingo cards without charge or at a reduced charge, shall be paid or given directly or indirectly to the bingo supervisor or alternate supervisor or any person related to such supervisor or alternate supervisor by blood, marriage or business relationship, for the holding, operating or conducting any licensed game or games of chance.

Subsection (3) of section 97-33-69 allows a licensee to pay its supervisor and other named employees  up to $400 per session as compensation.  Subsection (10) allows the Commission to make administrative exceptions to the prohibition of additional payment.

*Qualified Immunity:*

Gregory and Weathersby, in their individual capacities, assert the affirmative defense of qualified immunity against Plaintiff's due process claim. Qualified immunity protects officials in the course of performance of their discretionary duties unless their conduct violates a clearly established federal or constitutional right of which a reasonable person would have known. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

Federal courts employ a two-step inquiry to determine whether an individual defendant is entitled to qualified immunity: first, whether the facts alleged, taken in the light most favorable to the plaintiff, establish that the officer's conduct violated a constitutional right; second, if a violation of a constitutional right occurred, whether the right was "clearly established" at that time. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In her due process claim, Lee asserts that she was deprived of her property interest in her bingo supervisor status without notice or a hearing, in violation of federal and state law, when the Commission determined that she had received unlawful compensation, labeled her as unsuitable for future bingo supervisor positions, and subsequently denied licenses to two other charitable organizations listing her as supervisor.

The Court's threshold consideration must be to identify a property interest entitled to due process protection. *Brock v. Roadway Express, Inc.,* 481 U.S. 252 (1987). Parties asserting a property interest must have something "more than a unilateral expectation of it." *Stauch v. City of Columbia Heights,* 212 F.3d 425, 429 (8th Cir. 2000). That is, they "must possess a legitimate claim of entitlement to it." *Id.* The interest claimed by Lee does not appear to be a property interest entitled to due process protection. As a supervisor under the statutory scheme she is not

"licensed;" the charitable organization she works for holds the license. *See* MISS. CODE ANN. § 97-33-55(1). Her position is simply required to be staffed whenever a licensed charitable organization conducts a bingo game. MISS. CODE ANN. 97-33-67(3).[2] She holds no certificate or license that is a prerequisite to employment which would create a cognizable property interest. *See Canfield Aviation, Inc. v. Nat'l Transp. Safety Bd.*, 854 F.2d 745, 750 (5th Cir. 1988). Thus, there was no "revocation" triggering the due process requirements contained in MISS. CODE ANN. § 97-33-61. The Court therefore concludes that Plaintiff has not shown that there is a question of material fact for the jury as to whether the Defendants' conduct violated a constitutional right. The Defendants are therefore entitled to the defense of qualified immunity in regard to Plaintiff's due process claim, and judgment as a matter of law should be granted.

*Racial Discrimination:*

Plaintiff contends that she was discriminated against on account of her race when the Commission took its actions against her. In Plaintiff's view, Gregory and Weathersby

> abused the awesome power of the state when they targeted two African-American employees, Sheila Taylor and the Plaintiff, ignoring their Caucasian colleagues who were similarly situated in terms of receiving Christmas bonuses for years prior to the 1999 audit, not to mention their Caucasian employer who made the decision to pay Christmas bonuses.

---

[2] Section 97-33-67(3) provides:

Each licensee shall designate a supervisor and a sufficient number of alternate supervisors to be in charge of and primarily responsible for each session of a bingo game. Such individual shall be familiar with the provisions of Sections 97-33-51 through 97-33-203 and the rules and regulations of the commission. Such individual, or alternate who shall be designated as the bingo supervisor, shall supervise all activities of such session and be responsible for the conduct of all games of such session. The supervisor shall be present at all times on the premises during the session.

(Pl. Memo. in Opp., docket entry 54, pg. 6).  She brings a claim against Gregory and Weathersby under 42 U.S.C. §§ 1981 and 1983.  The analysis of claims asserted under 42 U.S.C. §§ 1981 and 1983 is identical to that under Title VII, and cases of discrimination based on circumstantial evidence are subject to the *McDonnell Douglas* burden-shifting analysis.  *See Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 316 (5th Cir. 2004) and *Pratt v. City of Houston*, Tex. 247 F.3d 601, 606 n. 1, n.2 (5th Cir. 2001).

In order to survive a motion for summary judgment, Plaintiff must first "establish a prima facie case of discrimination by a preponderance of the evidence." *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, (1973).  "Once this prima facie case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action." *Pratt*, 247 F.3d at 606, *citing McDonnell Douglas*, 411 U.S. at 802-04.  "If such a showing is made, the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext for discrimination." *Pratt*, at 606 (citation omitted).

To establish a *prima facie* case, Plaintiff must provide evidence that she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows "that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001) (citations omitted). "[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to [] [another] employee under 'nearly identical' circumstances; that is, 'that the

misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by . . . [other] employee[s].'" *Okoye*, 245 F.3d at 514 (citations omitted).

It is uncontroverted that Plaintiff can establish the first and third elements of a *prima facie* case because Plaintiff is a member of a protected class, and she was effectively terminated. However, Plaintiff cannot establish the fourth element because she has not provided any competent evidence to support her allegation that others similarly situated were treated more favorably.

Plaintiff attaches a list as Exhibit "B" to her response labeled "Bonuses Paid to Bingo Related Employees." However, there is no accompanying authentication of the list, so it is not clear that the persons named therein were employees of the same organization as Plaintiff. Furthermore, neither the race or disciplinary status of any of the listed persons is noted. The list is therefore not competent summary judgment evidence and does not provide support for Plaintiff's assertion that only she and another black employee were disciplined by the Commission.

Even if she had established a *prima facie* case of racial discrimination, Plaintiff has presented no evidence that might be viewed as suggesting that her race was a motivating factor for her discipline. The purported comment by a Commission member that Plaintiff made "way too much money" does not have a racial component.[3] The Defendants are therefore entitled to judgment as a matter of law on Plaintiff's racial discrimination claim.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above,

---

[3] This comment is not admissible evidence, in any event. According to Plaintiff's affidavit, the comment was relayed to Lee by someone who was told that it was made by some unidentified member(s) of the Gaming Commission.

the Motion for Summary Judgment [47] filed by Defendants Larry Gregory and Sonny Weathersby is **GRANTED**.  Plaintiff's claims against the Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
